# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2289

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Greg Hergott, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: April 20, 2009

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Greg Hergott was accused of violating the terms of his supervised release by committing felony assault and failing to complete a required substance abuse treatment program. Hergott admitted these violations at the revocation hearing and was sentenced to sixty months' imprisonment. On appeal, Hergott argues that the sixty-month sentence is improper because: (1) it exceeds the applicable statutory maximum resulting in an illegal sentence; and (2) the district court erred in ordering an excessive and unwarranted sentence. We reverse and remand for resentencing.

On January 27, 2003, Greg Hergott was sentenced to 117 months' imprisonment and five years' supervised release after pleading guilty to narcotics and firearm charges. In response to the government's motion for resentencing based on substantial assistance, Hergott was resentenced to a total term of thirty-six months' imprisonment followed by five years' supervised release. See Fed. R. Crim. P. 35(b). He was released in June 2005 and began the supervised release portion of his sentence. In 2006, Hergott violated his supervised release and, after serving seventy-two days in custody, was sentenced to time served. In 2007, Hergott was again charged with violating the terms of his supervised release by committing felony assault and failing to complete a required substance abuse treatment program. He admitted the allegations and received the sentence at issue on this appeal.

At his sentencing on the 2007 violation, the district judge revoked Hergott's supervised release and sentenced him to sixty months' imprisonment. Under the version of 18 U.S.C. § 3583(e)(3) in effect at the time of sentencing, sixty months was the maximum sentence allowable where the violator's original offense was a Class A felony.[1] This was an upward departure from the eighteen to twenty-four months recommended by the U.S. Sentencing Guidelines. Hergott objected to the sentence, arguing that the district court was required to apply the version of § 3583(e)(3) in effect at the time he committed the original offense, and therefore the sixty-month sentence must be reduced by the seventy-two days he served on the first revocation. Nonetheless, the district court entered a sentence of sixty months' imprisonment with no supervised release to follow.

I.

Hergott appeals his sentence as illegal, arguing that it exceeds the statutory maximum contained in the version of 18 U.S.C. § 3583(e)(3) in effect on July 19,

---

[1]18 U.S.C. § 3583(e)(3) governs revocation of supervised release and sets the maximum term of imprisonment available based upon the nature of the original offense. In this case, Hergott's original firearm offense is a class A felony.

2002, the date of his methamphetamine and firearm convictions. We review the legality of a revocation sentence de novo. United States v. Lewis, 519 F.3d 822, 824 (8th Cir.), cert. denied, 129 S.Ct. 166 (2008). Hergott argues that under the correct version of § 3583(e)(3), the statutory maximum term of imprisonment for revocation of supervised release is sixty months minus any time served on previous revocations related to the same conviction. See id. ("Section 3583(e)(3) formerly required the aggregation of any prison sentences imposed for revocations of supervised release linked to a crime committed before April 30, 2003."). By contrast, § 3583(e)(3) was revised in 2003 as part of the PROTECT Act to allow for a full sixty months' imprisonment on each revocation. Id. (interpreting the 2003 amendments to § 3583(e)(3)). Accordingly, Hergott argues that, in order to avoid violation of the Ex Post Facto clause, he should be sentenced under the version of 18 U.S.C. § 3583(e)(3) in effect on July 19, 2002. His current sentence of sixty months' imprisonment thus exceeds the applicable statutory maximum by seventy-two days, which is the amount of time he served on his first revocation.

The government concedes that Hergott's sentence should be reduced to reflect the seventy-two days he served on the previous revocation and requests remand for that purpose. It appears that the district court intended such a result. At sentencing, the court stated that "it is my intention and my understanding that the defendant receive credit for the time that he served in connection with his prior violation." The judgment, however, did not reflect this intention. Because we agree that Hergott's sentence violates the applicable statutory maximum, we reverse and remand for resentencing with instructions that Hergott's sentence be reduced by the seventy-two days he spent in custody on his first revocation of supervised release.

II.

Hergott also appeals his sentence on the ground that it is excessive and unwarranted. We review revocation sentences for reasonableness. See United States

v. Tyson, 413 F.3d 824, 825 (per curiam) (8th Cir. 2005). Hergott alleges that the district court erred by: failing to consider the sentencing range recommended by the Chapter 7 policy statements of the Sentencing Guidelines; giving weight to improper and irrelevant factors; and improperly balancing relevant sentencing factors to arrive at an excessive sentence. These arguments are without merit.

At sentencing, the court explained its decision to depart upward to the statutory maximum in accordance with the recommendation of the presence report. In so doing, the court focused on the significant reduction Hergott received in his initial sentence based on substantial assistance to the government, noting that it "really was a disservice to [him] because he wasn't ready to get out . . .." This is a proper basis for upward departure under the Guidelines. See USSG § 7B1.4, comment. (n.4) (2004) (explaining that a sentence above the recommended revocation range may be warranted where the original sentence resulted from a downward departure as a reward for substantial assistance); see also United States v. Larison, 432 F.3d 921, 922 (8th Cir. 2006).

The district court also discussed the seriousness of Hergott's violations and his failure to conform his conduct to the law after multiple opportunities to do so. Finally, the district court was concerned that Hergott needed the structure and anger management counseling available to him through the Bureau of Prisons. The district court did not err in considering these factors. See id. at 923 ("The amount of resources invested by the government and [defendant's] own need for treatment appropriately factored into [defendant's] inability to conform his conduct to the law after being offered many opportunities to obtain treatment while on supervised release."). The district court is not required to make specific findings as to each of the § 3553(a) factors so long as the transcript adequately demonstrates, as it does here, that they have been considered. See United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005). Further, Hergott's sentence was substantively reasonable under the circumstances. Larison, 432 F.3d at 924 (upholding a sixty-month revocation

-4-

sentence under similar circumstances).  Therefore, the district court's sentence is not unreasonable.

## III. Conclusion

For the above-stated reasons, the judgement of the district court is reversed, and this case is remanded for resentencing with instructions that Hergott's sentence be reduced by seventy-two days.

_____