# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3911

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Rosina Orlantha Rhodes, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 18, 2010
Filed: July 26, 2010

_____

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A grand jury indicted Appellant Rosina Rhodes for conspiracy to distribute cocaine base (crack cocaine). She went to trial and the district court declared a mistrial when the jury was unable to reach a verdict. Rhodes subsequently pleaded guilty to one count of violating 21 U.S.C. § 843(b), which prohibits use of a communications device to facilitate a drug trafficking offense. Subject to a few exceptions, violators of § 843 may be sentenced to a term of imprisonment not longer

than four years.  21 U.S.C. § 843(d).  The district court imposed the statutory maximum sentence of four years.  Rhodes challenges her sentence, we affirm.[1]

The guidelines for violations of § 843 provide that a court should use the base level applicable for the underlying offense.  U.S.S.G. § 2D1.6.  Here, the probation office and district court did just that by considering the underlying distribution of 137.8 grams of crack cocaine, which yielded a base offense level of 30.  Both the probation office and the court adjusted the base level upwards to 34 for possession of a firearm and obstruction of justice.  The district court denied Rhodes's request for a minor role reduction.  Rhodes had a criminal history category I.  Thus Rhodes's ostensible guideline range was 151 to 188 months' imprisonment.  But under U.S.S.G. § 5G1.1, the guideline sentence became the statutorily authorized maximum of four years.

Rhodes challenges the enhancement for the firearm found in the trunk of her car at the time of her arrest and the court's denial of a reduction for her role in the offense. The government argues that these issues are moot or harmless because even if Rhodes prevailed, her guideline range would be 97 to 121 months' imprisonment, which would still yield a 48-month advisory guideline sentence under U.S.S.G. § 5G1.1. Rhodes responds that the court's errors, coupled with a potential change in crack cocaine guidelines and the potential that changes would apply retroactively, could result in her guideline range being below the 48-month statutory maximum.

Rhodes's reliance on a chain of potential future actions by Congress and the Sentencing Commission cannot suffice as a predicate for reversal. Recently, in *United States v. Bastian*, this court held harmless an enhancement under U.S.S.G. § 2G2.2 because even if the district court erred, the defendant's offense level would remain at

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

the guidelines' maximum level of 43 and his advisory range remained life imprisonment. 603 F.3d 460, 466 (8th Cir. 2010). Moreover, we said, in assessing the § 3553(a) factors the district court stated that it would impose the same sentence even if it erred in interpreting or applying the guidelines. *Id.* The situation here is analogous. Even if the district court erred in applying the firearm enhancement and in denying a role reduction, the guideline sentence remained 48 months. Further, the district court explained that it would impose a 48-month sentence even if it erred in its guideline calculations because it believed, based on trial testimony, that Rhodes deserved a higher sentence than that permitted by § 843.

Rhodes also asserts that the district court failed to adequately consider a downward variance based on the disparity between crack and powder cocaine. The district court declined to vary after considering the statutory sentencing factors and the trial testimony it found credible. Rhodes contends the district court insufficiently discussed this issue. The record, however, shows that the district court considered those arguments and followed precedent that permits the sentencing judge discretion in whether to depart from the guidelines based on the crack/powder cocaine disparity. *See United States v. Davis*, 583 F.3d 1081, 1099 (8th Cir. 2009) (stating a district court is not required to vary downward on the basis of the crack/powder disparity).

We note the trial court's further views that it believed Rhodes had committed perjury, showed a pattern of disrespect for the law, and did not fully accept responsibility for all her criminal conduct. All of the above matters enter into the substantive reasonableness of the sentence, particularly because of the non-mandatory character of the guidelines.

In this case, the trial court did not abuse its discretion in imposing the sentence. Even if it erred in applying the crack/cocaine guidelines instead of those for powder cocaine, this issue is subsumed in the further discussion below.

We review the reasonableness of the sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Our review is "narrow and deferential." *Id.* at 464. Here, as in *Feemster*, the district court's justifications for imposing a 48-month sentence rest on defendant-specific determinations. *See id.* at 464. The district court believed that Rhodes committed perjury, showed a pattern of disrespect for the law, and had not fully accepted responsibility for all of her criminal conduct.

Rhodes faced the more serious charge of drug distribution should the prosecution have continued following the mistrial. Thus the lesser charge of using a communications device greatly diminished Rhodes's potential punishment. Even though the sentencing judge imposed the maximum sentence for this reduced charge, the sentence rested on some plea bargaining. Obviously, applying guidelines calling for a sentence more than three times the statutory maximum makes little logical sense. But in light of the complete record of this case, we cannot view the sentence here as an abuse of discretion by the sentencing judge. Although sentencing a defendant who violates § 843(b) and has a criminal history category I, does not necessarily call for imposing the statutory maximum sentence, in this case the sentencing judge did not abuse her discretion.

The judgment of the district court is affirmed.

_____