# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1814

———————

United States of America,     *
         *
      Appellee,     *
         *   Appeal from the United States
    v.         *   District Court for the
         *   Western District of Missouri.
Debra A. Gonzales-Barnett,     *
         *   [UNPUBLISHED]
      Appellant.     *

———————

Submitted: November 19, 2010
Filed: November 24, 2010

———————

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Debra Gonzales-Barnett was found to have violated the terms of her supervised release by not being truthful to her probation officer, failing to disclose her criminal history to her employer, and committing a violation of the law by stealing from her employer. The district court[1] sentenced Gonzales-Barnett to eighteen months' imprisonment. She appeals, arguing her sentence was unreasonable based on the parsimony principle and the sentencing factors under 18 U.S.C. § 3553(a). We affirm.

---

[1]The Honorable John W. Lungstrum, United States District Judge for the District of Kansas, sitting by designation.

Pursuant to Chapter Seven of the United States Sentencing Guidelines Manual (U.S.S.G.), Gonzales-Barnett's recommended sentencing range was 8-14 months. See U.S.S.G. § 7B1.4. At the revocation hearing, she argued for a less severe sentence based on her husband's kidney failure, her three dependent children between the ages of nine and sixteen, including her twelve-year-old child who suffers from severe asthma, in addition to the recent loss of her home caused by an electrical fire. After discussing the § 3553(a) factors, the district court imposed concurrent sentences of eighteen months on each count.

We review a revocation sentence for reasonableness. United States v. Hergott, 562 F.3d 968, 970 (8th Cir. 2009). We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). "A court abuses its discretion if it 'fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (quoting United States v. Mousseau, 517 F.3d 1044, 1048 (8th Cir. 2008)).

Upon a thorough review of the record, we are satisfied the district court considered and gave appropriate weight to the relevant § 3553(a) factors in determining Gonzales-Barnett's sentence. The court discussed the nature and circumstances of the violations, the characteristics of the defendant, and the sentencing objectives required under § 3553(a). For instance, the court took into account Gonzales-Barnett's similar crimes to the instant offense in the past which resulted in little of consequence to her. See United States v. Kreitinger, 576 F.3d 500, 504 (8th Cir. 2009) (upholding a revocation sentence as reasonable where the court considered the defendant's serious criminal history and likelihood to recidivate). Moreover, the court determined her to be a chronic liar, including committing perjury during the revocation hearing in an attempt to influence the court's findings. See United States v. Rhodes, No. 09-3911, 2010 WL 2890590, at *2 (8th Cir. July 26,

2010) (per curiam) (recognizing the district court's belief as to the defendant having committed perjury did enter into the substantive reasonableness of the sentence).

Finally, the court explicitly took Gonzales-Barnett's plea for leniency into account by allowing her to self-report at a future date.  While the imposed sentence was greater than the advisory Guidelines range, the court was authorized to impose a sentence of up to two years' imprisonment because Gonzales-Barnett's original offenses were Class C and D felonies.  See 18 U.S.C. § 3583(e)(3); United States v. Thunder, 553 F.3d 605, 608-09 (8th Cir. 2009) (concluding an above-the-Guidelines revocation sentence was not substantively unreasonable).

Accordingly, we affirm Gonzales-Barnett's sentence.

_____