# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1297

_____

United States of America,

        Plaintiff - Appellee,

v.

Nicole Wagy,

        Defendant - Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: October 17, 2011
Filed: December 15, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After being found guilty in 2009 of harboring a fugitive, Nicole Wagy received a sentence of sixty-two days' custody (time served) and three years' supervised release. Her terms of supervised release included a prohibition on using alcohol and a requirement that she attend and successfully complete mental health counseling and treatment.

A supervised release revocation petition was subsequently filed alleging Wagy had violated the terms of her supervised release by driving under the influence of alcohol, engaging in prostitution, using alcohol, and failing to attend mental health and substance counseling. A warrant was issued for her arrest. When officers attempted to execute the arrest warrant on Wagy, she led officers on a high-speed chase. This conduct led to the filing of an amended petition adding the allegation that she fled to avoid arrest.

At a supervised release revocation hearing, Wagy admitted to the allegations regarding use of alcohol and failure to attend counseling as directed. The remaining allegations were dismissed. At the revocation proceeding, the court found that these offenses together were a Grade C violation, resulting in an advisory Guidelines range of a six-to-twelve-month sentence. The court imposed a sentence of twenty-four months with no supervised release to follow. Wagy argues her sentence is unreasonable on both procedural and substantive grounds. We disagree and affirm the sentence.

We understand Wagy's argument that the court committed procedural error to be that the court failed to adequately explain its reasoning for imposing a sentence that was above the Guidelines range. However, no objection was made at the sentencing hearing to the court's alleged failure to adequately explain the rationale of its sentence. Accordingly, we review the argument that the district court committed procedural error under a plain error standard. See United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008). Plain error exists where there is an error that is clear and obvious, affects the appellant's substantial rights, and "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (alteration in original) (quoting Pucket v. United States, 129 S. Ct. 1423, 1429 (2009)).

We find no plain error in the sentencing procedure in this case. The district court adequately explained its reasoning for imposing the sentence it did. These reasons included difficulty of supervising Wagy on supervised release, the number of violations, Wagy's refusal to abide by the terms of her supervised release order, the need for more structured supervision, and the likelihood that she would become involved in additional criminal conduct while on supervised release. In addition, the court explicitly indicated that it was considering all the § 3553(a) factors in imposing the sentence. We find nothing in this record to justify a conclusion that the court committed plain error (or any error, for that matter) in its explanation of the sentence imposed.

The main thrust of Wagy's argument that her sentence is substantively unreasonable appears to be that the extent of the variance upward, from the advisory range of six to twelve months to the statutory maximum of twenty-four months, is excessive and substantively unreasonable. In evaluating the substantive reasonableness of a sentence, appellate courts "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Where the sentence exceeds the Guidelines range, the court may not apply a presumption of unreasonableness, but it may consider the extent of the deviation, giving "deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.; see also United States v. Hergott, 562 F.3d 968, 970–71 (8th Cir. 2009) (upward departure was substantively reasonable where court considered the significant reduction in defendant's original sentence, the seriousness of defendant's crimes, his failure to conform his conduct to the law, and the structure and anger management resources available to defendant in prison).

In this case, the district court imposed a twenty-four-month sentence, instead of the six-to-twelve-month sentence recommended by the Guidelines, based primarily on Wagy's "numerous and repeated violations of the terms of supervision." Wagy's first violation of parole was less than two months after she began serving her term of supervised release. During her supervised release, she tested positive for marijuana, engaged in conduct suggestive of prostitution, was arrested for driving while intoxicated, failed to participate in court-ordered community service, and led police on a high-speed chase. Wagy also has a history of mental health issues, but refused to attend treatment and counseling during her supervised release. She has not sought employment due to these issues, and consequently is not on the appropriate medication because she cannot pay for it. These circumstances are sufficient to justify the extent of the variance in this case.

Accordingly, we affirm the judgment of the district court.

_____