# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 12-1884

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| James Charles Poe, III, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 18, 2012
Filed: July 23, 2012

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

While James Poe was serving a term of supervised release, he violated his release conditions. After a revocation hearing, the district court[1] revoked supervised release and sentenced Poe to serve 12 months in prison with no further period of supervised release. Poe appeals, and we affirm.

Poe argues that his sentence is illegal, because when the revocation sentence is added to his original sentence of imprisonment, he will have served more time in

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

prison than the statutory maximum term of imprisonment for the original offense. This argument fails. See United States v. Hergott, 562 F.3d 968, 970 (8th Cir. 2009) (de novo review). The statutory maximum revocation sentence was two years, see 18 U.S.C. § 3583(e)(3), and the instant revocation sentence, added to a prior 12-month revocation sentence that Poe served, does not exceed that limit.[2] Further, supervised release may be imposed in addition to the statutory maximum for the offense of conviction, see United States v. Postley, 449 F.3d 831, 833 (8th Cir. 2006), and therefore a sentence resulting from revocation of supervised release may result in the offender serving time in addition to the statutory maximum for the original offense of conviction, see United States v. Wirth, 250 F.3d 165, 170 n.3 (2d Cir. 2001). Poe also complains that the district court erred in making a finding as to when he entered federal custody. Any error is harmless, however, given the availability of administrative remedies within the Bureau of Prisons. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

Accordingly, we affirm the judgment of the district court; we grant counsel's motion to withdraw; and we deny Poe's motion for release, having concluded that the arguments in support thereof are meritless.

_____

[2]The underlying offense occurred before the April 30, 2003 effective date of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub. L. 108-21, 117 Stat. 650 (2003), and therefore the district court properly reduced the statutory maximum revocation sentence by the length of the prior revocation sentence. See Hergott, 562 F.3d at 970.