# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3756

_____

United States of America

*Plaintiff - Appellee*

v.

Raymon Ortega

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 20, 2014
Filed: August 26, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this appeal following revocation of his supervised release, Raymon Ortega challenges his revocation sentence and raises related arguments. His counsel has moved to withdraw. Having carefully reviewed the record before us and the

arguments for reversal, and for the reasons discussed below, we affirm the judgment of the district court.[1]

Ortega argues that the revocation sentence is unreasonable and exceeds the statutory maximum. We review a revocation sentence for abuse of discretion, see United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009), and the legality of a revocation sentence de novo, see United States v. Hergott, 562 F.3d 968, 970 (8th Cir. 2009). The district court imposed concurrent revocation sentences of 33 months in prison, and no additional supervised release, upon revoking the supervised release that Ortega was serving for five felony convictions. The revocation sentences on four of the counts were within the statutory limits applicable to revocation sentences under 18 U.S.C. § 3583(e)(3); the sentences were not substantively unreasonable; and they were adequately explained. See United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (court need not mechanically list every § 3553(a) consideration when sentencing upon revocation of supervised release). And contrary to his contention, Ortega was not entitled to credit for time spent in a residential reentry center as part of his supervised release. See U.S.S.G. § 7B1.5(b) (upon revocation of supervised release, no credit is given toward imprisonment ordered for time previously served on post-release supervision).

One of the felonies for which Ortega was serving supervised release is a Class C felony, for which a defendant may not be required to serve a revocation sentence of more than two years in prison, see 18 U.S.C. § 3583(e)(3), but Ortega did not lodge any objection below, and his substantial rights are not affected, because he properly received concurrent revocation sentences of 33 months in prison on the other four counts. Cf. United States v. Bossany, 678 F.3d 603, 606-07 (8th Cir. 2012) (where defendant contended for first time on appeal that sentence for conspiracy offense

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

exceeded statutory maximum, review was for plain error, under which error is corrected only if it is plain, affects substantial rights, and seriously affects fairness, integrity, or public reputation of judicial proceedings; error was plain but did not affect defendant's substantial rights because court imposed identical, statutorily authorized sentence for money-laundering offense).

Next, we note that Ortega raises various challenges to his original convictions and sentences, but a criminal defendant may not collaterally attack the validity of his underlying convictions or sentences in an appeal from a sentence imposed upon revocation of supervised release. See Miller, 557 F.3d at 913. Ortega also complains about the effectiveness of the legal assistance that he received in these revocation proceedings, but the issue was not developed below, and generally ineffective-assistance claims are more appropriately considered in a 28 U.S.C. § 2255 proceeding. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007). Finally, Ortega directs our attention to upcoming Guidelines amendments that he believes will lower his base offense level, but those amendments do not help him in this appeal.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

———————————————