# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2659

_____

United States of America

*Plaintiff - Appellee*

v.

Augustus Quintrell Light

*Defendant - Appellant*

_____

No. 21-2677

_____

United States of America

*Plaintiff - Appellee*

v.

Augustus Quintrell Light, also known as Stow

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota

_____

Submitted: April 18, 2022
Filed: April 28, 2022
[Unpublished]

_____

Before KELLY, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Augustus Light received a 120-month prison sentence for possession with intent to distribute methamphetamine and an additional 18 months for violating the conditions of supervised release. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A); *see also* 18 U.S.C. § 3583(e)(3). In an *Anders* brief, Light's counsel suggests that neither sentence is substantively reasonable. *See Anders v. California*, 386 U.S. 738 (1967). A supplemental pro se brief raises several other issues.

Neither Light nor his counsel has raised any meritorious issues. Light's guilty plea in the drug-possession case was knowing and voluntary, *see Nguyen v. United States*, 114 F.3d 699, 703–05 (8th Cir. 1997); the 120-month sentence he received was substantively reasonable, *see United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc); and he cannot pursue the suppression of evidence after pleading guilty, *see United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

We did, however, spot one non-frivolous issue that we asked the parties to address. *See Penson v. Ohio*, 488 U.S. 75 (1988). After reviewing their letter briefs, we conclude that Light's 18-month revocation sentence, combined with a previous 15-month sentence he received, exceeds the statutory maximum of 24 months. *See United States v. Hergott*, 562 F.3d 968, 970 (8th Cir. 2009) (requiring the aggregation of revocation sentences under the version of 18 U.S.C. § 3583(e)(3) that applied before the PROTECT Act took effect in 2003).

We accordingly vacate the sentence in the revocation case and remand for resentencing, but otherwise affirm.

_____