# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2605

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine D. Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2025
Filed: October 8, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Jermaine Jones violated conditions of his supervised release, the district court[1] revoked his supervision and sentenced him to a total of five years' imprisonment, with no supervision to follow. This five-year sentence included a one-year consecutive sentence for Jones's conviction for being a drug user in possession

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

of a firearm, in violation of 18 U.S.C. § 922(g)(3). On appeal, Jones argues that the district court plainly erred[2] by imposing the one-year revocation sentence for his drug-user-in-possession conviction because he had previously served the initial statutory maximum sentence for that crime. Specifically, he contends that the Fifth and Sixth Amendments prohibit a district court from imposing a supervised release sentence above the statutory maximum for the underlying crime based on judge-made factual findings.

Circuit precedent forecloses Jones's argument. *See, e.g.*, *United States v. Childs*, 17 F.4th 790, 791–92 (8th Cir. 2021) (rejecting the defendant's argument "that his sentence exceeded the statutory maximum because the number of years he served was greater than the sum of the maximum term of imprisonment *plus* the maximum term of supervised release"; concluding that "the law of the offense" governs "[t]he maximum term of imprisonment"; and determining that "[s]upervised release is distinct from the prison term, and the amount of time to be served is determined separately"); *United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020) ("Until the Supreme Court invalidates [18 U.S.C.] § 3583(e)(3), we must follow our precedent and hold that the revocation of Eagle Chasing's release did not violate his constitutional rights."); *United States v. Poe*, 471 F. App'x 556, 556 (8th Cir. 2012) (unpublished per curiam) ("[S]upervised release may be imposed in addition to the statutory maximum for the offense of conviction . . . .").

Jones acknowledges our circuit precedent but nonetheless argues that the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), casts that precedent into doubt. We disagree. As the government correctly points out, "*Erlinger* did not address supervised release or the statutory maximum sentence that

---

[2]Jones concedes that plain-error review applies because he failed to object before the district court. *See* Appellant's Br. 7. "To obtain relief, [Jones] must show an error that is plain, affects his substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mull*, No. 24-2822, 2025 WL 2364592, at *2 (8th Cir. Aug. 14, 2025) (unpublished per curiam).

can be imposed upon revocation. Instead, it 'concerns the Armed Career Criminal Act (ACCA) and the Fifth and Sixth Amendments.'" Appellee's Br. 14 (quoting *Erlinger*, 602 U.S. at 825). *Erlinger* held that "the Fifth and Sixth Amendments require a unanimous jury" to determine "beyond a reasonable doubt" whether "a defendant's past offenses were committed on separate occasions" for purposes of the ACCA's "lengthy mandatory prison terms." 602 U.S. at 825. Because *Erlinger* does not address supervised release or the maximum sentence that a court can impose upon revocation of supervised release, we follow our circuit precedent. *See Eagle Chasing*, 965 F.3d at 651.

Accordingly, we hold that the district court committed no error, plain or otherwise, in sentencing Jones to five years' imprisonment. We affirm the district court's judgment.

_____