# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2023

_____

United States of America,     *
                              *

           Appellee,     *

                              *        Appeal from the United States

     v.                            *        District Court for the

                              *        District of Nebraska.

Duane Larison,                 *

                              *           [PUBLISHED]

           Appellant.     *

_____

Submitted: October 11, 2005
Filed: January 9, 2006

_____

Before RILEY, HANSEN, and COLLOTON, Circuit Judges.

_____

HANSEN, Circuit Judge.

In 1996, Duane Larison pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. His plea exposed him to a Sentencing Guidelines imprisonment range of 135 to 168 months, but in light of his substantial assistance to the government, the district court[1] departed from that range and sentenced him to 82 months of imprisonment followed by a 5-year term of

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

supervised release.  In March 2005, the district court[2] revoked Larison's supervised release based on his voluntary and counseled admissions to numerous violations of the terms of his supervised release.  Among the admitted violations were several instances (19 in all) of failing to submit to drug testing, the failure to complete a drug treatment program which included drug testing, and  four instances where he tested positive for three different controlled substances between January 22, 2004, and March  14, 2004.  He also tested positive for methamphetamine on March 15, 2005.  In addition, he had violated the most basic of supervised release conditions, i.e., that he not commit a crime, when he pleaded guilty to a drunk driving charge in Iowa state court.    The  district  court  imposed  a  revocation  sentence  of  60  months  of imprisonment.  Larison appeals.

Larison argues that his sentence is excessive and unwarranted.  Specifically, he first  asserts  that  the  district  court  failed  to  consider  the  five  to  eleven  months sentencing range recommended by the policy statements found in Chapter 7 of the Sentencing Guidelines.  We have long recognized the purely advisory nature of the Chapter 7 policy statements related to the revocation of supervised release, see United States v. Jones, 973 F.2d 605, 607 (8th Cir. 1992), and after United States v. Booker, 543  U.S.  220,  125  S.  Ct.  738  (2005),  we  review  revocation  sentences  for unreasonableness, see United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005).

Despite Larison's arguments to the contrary, the sentencing transcript indicates that the district court imposed the sentence "after having consulted the [G]uidelines." (Sent. Tr. at 21.)  The district court also noted that Larison had received a substantial departure at his original sentencing as a reward for his substantial assistance.  See U.S. Sentencing  Guidelines  Manual  §  7B1.4,  comment.  (n.4)  (2004)  (noting  that  an increased sentence above the recommended revocation range may be warranted where

---

[2]The Honorable Richard G. Kopf, then Chief Judge of the United States District Court for the District of Nebraska.

the original sentence resulted from a downward departure as a reward for substantial assistance). Furthermore, even Larison's attorney did not recommend a sentence within the policy statements' recommended range of five to eleven months. His attorney stated that a sentence of 24 months would be appropriate. We conclude that the district court did consider "the applicable guidelines or policy statements issued by the Sentencing Commission," as required by statute in imposing a sentence for violation of supervised release. 18 U.S.C. § 3553(a)(4)(B).

Larison argues that the district court gave significant weight to improper and irrelevant factors. When imposing a sentence for the violation of a term of supervised release, the district court considers the factors listed in 18 U.S.C. § 3553(a). United States v. White Face, 383 F.3d 733, 737 (8th Cir. 2004). "A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." Id. at 740. There must, however, be evidence that the district court "considered the relevant matters and that some reason be stated for its decision." Id. When reviewing for unreasonableness, we consider the following:

> A discretionary sentencing ruling . . . may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).

Specifically, Larison asserts that the sentencing reduction he received at his original sentencing, the amount of resources that the government invested in his treatment and supervision, and his need for treatment were irrelevant factors or were given improper weight. We respectfully disagree. As already noted, the Guidelines

specifically permit the court to consider the fact that the original sentence resulted from a downward departure as a reward for substantial assistance. USSG § 7B1.4, comment. (n.4). The amount of resources invested by the government and Larison's own need for treatment appropriately factored into Larison's inability to conform his conduct to the law after being offered many opportunities to obtain treatment while on supervised release. See 18 U.S.C. § 3553(a)(2)(B) (requiring courts to consider the need to afford adequate deterrence); & (a)(2)(D) (requiring courts to consider the need to provide the defendant with needed correctional treatment in the most effective manner). The district court ultimately concluded that Larison's "horrible addiction" "simply cannot adequately be supervised in a setting less restrictive than prison." (Sent. Tr. at 19, 22.) The district court recommended "in the strongest possible terms that the defendant be enrolled in the intensive drug treatment program of the Bureau of Prisons" to provide the defendant with the needed treatment in a supervised setting. (Id. at 22.) The fact that the in-prison treatment program could be completed in less than five years does not render Larison's need for obtaining the treatment in a restrictive setting an improper or irrelevant factor, nor does it render the five-year sentence unreasonable in light of all the facts of this case.[3]

---

[3]Larison's oral argument included an assertion that the district court improperly considered the factors listed in § 3553(a)(2)(A) (i.e., the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment), because this subsection is not specifically referenced in 18 U.S.C. § 3583(e), which lists the factors the court should consider in making the discretionary decision of whether to revoke a term of supervised release. We do not consider arguments raised for the first time at oral argument. See United States v. Mitchell, 31 F.3d 628, 633 n.3 (8th Cir. 1994). Even if we did, however, we would note that the argument is misplaced. The district court was precluded from making a discretionary decision to revoke a term of supervised release pursuant to § 3583(e) in this case because revocation was mandatory given the nature of Larison's admitted violations. See 18 U.S.C. § 3583(g) (mandating revocation if a defendant possesses a controlled substance in violation of a condition of supervised release, possesses a firearm, refuses to comply with drug testing imposed as a condition of supervised release, or tests positive for illegal controlled substances more than 3 times over the

Finally, Larison argues that the district court made a clear error in judgment in balancing the relevant statutory sentencing factors. Larison urges that the length of his revocation sentence is disproportionately long when compared to others similarly situated, citing for example, White Face, 383 F.3d at 736-40 (affirming revocation sentences of 24 months and 48 months for defendants who failed to submit to drug testing or tested positive for illegal substances); and United States v. Cotton, 399 F.3d 913, 915-17 (8th Cir. 2005) (affirming a revocation sentence of 46 months for continued drug abuse and needed drug treatment). Larison was not entitled to any particular sentence within the statutory limit, and we cannot conclude that his 60-month sentence was so disproportionate to the cases cited as to be unreasonable.

We conclude that the district court appropriately balanced the statutory factors and imposed a sentence that is within the maximum allowed by statute and not unreasonable given the facts of this case. See 18 U.S.C. § 3583(e)(3) (permitting a five-year revocation sentence where the original offense was a class A felony). The district court expressed grave concern over Larison's numerous and repeated violations of the terms of his supervised release and his demonstrated inability to successfully complete drug treatment programs while on supervised release. Despite the many chances the probation office had afforded him and the substantial reduction of his original sentence for substantial assistance, he persisted in his criminal conduct. See Cotton, 399 F.3d at 916 (citing similar factors). Although Larison received the maximum sentence available under the statute, the district court justified that decision

course of 1 year). Larison met three of the four alternative prerequisites for mandatory revocation under § 3583(g). Therefore, the district court's decision was not constrained by the factors specifically enunciated in 18 U.S.C. § 3583(e), as Larison contends, but only by the maximum five-year term of imprisonment authorized under § 3583(e)(3), as directed in § 3583(g). The district court properly considered all relevant sentencing factors listed in § 3553(a) in deciding the length of the revocation sentence.

giving excellent supporting reasons for the revocation sentence Larison deserved to receive.

Accordingly, we affirm the judgment of the district court.

_____