# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4054

_____

United States of America,                    *
                                              *
      Plaintiff - Appellee,             *
                                              *
                                              *   Appeal from the United States
v.                                            *   District Court for the
                                              *   District of Nebraska.
Kennan R. Mallory,                            *
                                              *   **[UNPUBLISHED]**
      Defendant - Appellant.            *

_____

Submitted: June 12, 2006
Filed: August 24, 2006

_____

Before LOKEN, Chief Judge, ARNOLD, Circuit Judge, and DOTY,<sup>*</sup> District Judge.

_____

PER CURIAM.

Kennan R. Mallory pleaded guilty to conspiracy to distribute cocaine base in May 2002. He was sentenced to 188 months in prison, but the sentence was later reduced to 36 months as a result of the government's motion under Rule 35(b) of the Federal Rules of Criminal Procedure. Mallory began five years of supervised release in July 2004. In November 2005, he admitted committing two violations of his mandatory conditions of supervised release -- possession of drug paraphernalia and the submission of nine urine samples that tested positive for controlled substances.

_____

<sup>*</sup>The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, sitting by designation.

The district court[1] revoked supervised release and imposed a revocation sentence of sixty months in prison, the maximum penalty authorized by 18 U.S.C. § 3583(e)(3). Mallory appeals, arguing the sentence is unreasonable. We affirm.

Chapter 7 of the Sentencing Guidelines includes policy statements regarding revocation sentences. Because policy statements are advisory, a sentencing court has always been "entirely free" to impose a sentence outside the Chapter 7 suggested range when a different sentence is warranted. United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003). Thus, the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), has had a "far less dramatic" impact on our review of revocation sentences compared to sentences governed by formerly mandatory guidelines provisions. United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005).

Mallory argues that the sixty-month sentence is excessive in view of the sentencing range recommended in Chapter 7 and the sentencing factors set forth in 18 U.S.C. § 3553(a). He asserts that his suggested Chapter 7 sentencing range is four to ten months because he committed two Grade C supervised release violations, see U.S.S.G. § 7B1.1(a)(3), and has a criminal history category of II. The four-to-ten month range may have been recommended by the probation officer and counsel, but the district court made no such finding. Given Mallory's admission that he submitted eight urine samples testing positive for cocaine over a four-month period, it appears to us that he likely committed one or more Grade A violations. See U.S.S.G. § 7B1.1(a)(1); 21 U.S.C. § 844(a). In that case, his Chapter 7 suggested range is 27-33 months in prison. See U.S.S.G. § 7B1.4(a). Thus, Mallory's contention that the district court imposed a sentence 600% above the suggested guidelines range is greatly exaggerated.

---

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska.

The revocation sentence in this case bears a strong resemblance to the sixty-month sentence we affirmed in United States v. Larison, 432 F.3d 921 (8th Cir. 2006). First, like Mallory, Larison asserted that the district court ignored a dramatically lower Chapter 7 suggested range, but Larison had also committed numerous drug-related supervised release violations after completing his prison term for a prior drug offense. Second, as in Larison, the district court noted that Mallory was the beneficiary of a substantial downward departure reducing his prior sentence but then committed numerous supervised release violations, conduct suggesting a high risk of future crimes. The Guidelines expressly permit a sentencing court to consider this factor. See U.S.S.G. § 7B1.4, comment. (n.4). Finally, as in Larison, the district court expressly considered the sentencing factors set forth in 18 U.S.C. § 3583(e) and emphasized Mallory's demonstrated need for intensive in-prison treatment of his serious drug addiction. In these circumstances, we conclude that Mallory's revocation sentence was clearly reasonable.

The judgment of the district court is affirmed.

_____