# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3580

_____

United States of America,

        Appellee,

v.

James Herbeck,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: May 12, 2008
Filed: June 23, 2008

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

James Herbeck appeals from a thirty-six-month prison sentence imposed by the District Court[1] after the revocation of his supervised relief. Herbeck argues that the above-guideline-range sentence was unreasonable because the court failed to consider the factors set forth in 18 U.S.C. § 3553(a). We affirm.

On April 18, 2000, Herbeck pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). He was sentenced to

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

142 months' imprisonment to be followed by five years of supervised release. After the government filed a motion for reduction of this sentence based on Herbeck's substantial assistance, see Fed. R. Crim. P. 35(b), the District Court reduced Herbeck's sentence to eighty-four months' imprisonment to be followed by five years of supervised release. Herbeck's term of supervised release began on May 27, 2005. On November 2, 2007, after finding that Herbeck had violated the terms of his supervised release by using illegal drugs, the District Court revoked Herbeck's supervised release and sentenced him to thirty-six months' imprisonment. On appeal, Herbeck argues that the District Court did not consider the factors set forth in 18 U.S.C. § 3553(a) to reach a reasonable sentence.

"A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release. There must, however, be evidence that the district court considered the relevant matters and that some reason be stated for its decision." United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (internal quotations and citations omitted). After careful review of the revocation hearing transcript, we conclude that the District Court properly considered the factors set forth in § 3553(a). The court stated that it considered the following in setting Herbeck's sentence:

> [the need] to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence, recognizing that the guidelines are advisory, and considering all of the statutory goals of sentencing, and considering the numerous and repeated violations of the terms of supervised release, the fact that the defendant was previously a beneficiary of a downward departure or other unusual form of leniency, the fact that the conduct requiring revocation is associated with a high risk of new felonious conduct, and that the defendant is in need of drug treatment that can only be provided in prison.

Tr. at 56–57. These reasons for the court's sentence closely parallel the § 3553(a) factors. See 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), (a)(2)(A) (need for sentence imposed to promote respect for law and provide just punishment), (a)(2)(B) (need for sentence imposed to afford adequate deterrence to criminal conduct), (a)(2)(C) (need for sentence imposed to protect public from further crimes of defendant), (a)(2)(D) (need for sentence imposed to provide the defendant with needed medical care), (a)(4)(B) (applicable guidelines or policy statements in case of supervised release violation). With respect to Herbeck's specific argument that the District Court failed to consider the policy statements in Chapter 7 of the Sentencing Guidelines, which recommend a sentence of eight to fourteen months' imprisonment following revocation of supervised release, see U.S.S.G. § 7B1.4(a), we note that our Court has "long recognized the purely advisory nature of the Chapter 7 policy statements." Larison, 432 F.3d at 922. And despite Herbeck's representation to the contrary, the transcript of the revocation hearing indicates that the District Court recognized its obligation to consider the advisory guideline range. Tr. at 10, 56. "[A]fter United States v. Booker, . . . we review revocation sentences for unreasonableness." Larison, 432 F.3d at 922.

Based on the reasons given by the District Court, Herbeck's sentence, which does not exceed the statutory maximum, is not unreasonable. See, e.g., id. at 924 (concluding that where the advisory guideline range upon revocation of supervised release was five to eleven months' imprisonment, a sixty-month sentence was not unreasonable where the court considered the defendant's repeated violations of supervised release, inability to complete drug treatment programs, and continuing criminal conduct in the face of leniency from the probation office); United States v. Cotton, 399 F.3d 913, 915–17 (8th Cir. 2005) (concluding that where the advisory guideline range upon revocation of supervised release was seven to thirteen months' imprisonment, a forty-six-month sentence was not unreasonable where the court considered the defendant's repeated violations of supervised release, the substantial

reduction of the defendant's original sentence, the defendant's need for drug treatment, and the association between drug abuse and the risk of new felonious conduct).

We affirm the judgment of the District Court.

_____