# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1219

_____

United States of America,                *
                                         *

        Appellee,              *

                                   *    Appeal from the United States

        v.                 *    District Court for the

                                   *    Western District of Missouri.

Jesse M. Redmond,             *

                                   *    [UNPUBLISHED]

        Appellant.            *

                                   *

_____

Submitted: November 16, 2009
Filed:  November 23, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Appellant Jesse M. Redmond initially received a sentence of 21 months' imprisonment and three years of supervised release for one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1).  After his release, Redmond received a violation report for drug usage.  Authorities issued a warrant for his arrest on October 30, 2007, but were unable to locate him until he appeared at a hospital as the victim of three non-fatal gunshot wounds.  Authorities arrested him on July 16, 2008.  Redmond admitted the violation, and after an initial revocation hearing, the district court sentenced him to two months' imprisonment and 24 months' supervised release.

After his next release from prison, Redmond received a second violation report alleging that he failed to report to his probation officer. Authorities issued a warrant for his arrest, and after a number of unsuccessful attempts to locate him, arrested Redmond.

At a second revocation hearing, the government recommended that Redmond receive 22 months' imprisonment for the violation, which reflected the prior two-month sentence he had already served and the statutory maximum of 24 months. See 18 U.S.C. §3583(e)(3) ("[A] defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . . ."). Redmond argued that the sentence was excessive. He argued specifically that the government-recommended 22-month sentence was longer than his original 21-month sentence for the underlying criminal offense, and that the failure to report violation was relatively benign when compared to other possible supervised release violations. Finally, he emphasized that the recommended sentencing range was six to twelve months. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4(a) (2008). The district court[1] adopted the government's recommendation, citing the previous violation; the fact that Redmond had absconded after the first warrant was issued and again after serving his two-month sentence; and the fact that there was reasonable suspicion that Redmond had engaged in unlawful conduct during the interim period.

Redmond appeals his sentence, claiming that the district court abused its discretion by not adequately considering the sentencing factors listed in 18 U.S.C. § 3553(a) and imposing an unreasonable sentence.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

I. Discussion

Section 3553(a) allows for discretion in sentencing, including sentences following revocation of supervised release. See also, United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006). We review revocation sentences for substantive unreasonableness. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009); United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). While broad discretion exists, a sentence, "may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). In this case, Redmond argues that the court did not give enough weight to the Guidelines range of six to twelve months' imprisonment. However, this factor alone is not determinative, as the Guidelines are "purely advisory" in nature. Larison, 432 F.3d at 922.

The district court considered many different factors in Redmond's case, as evidenced by the sentencing transcript. After hearing arguments regarding the original 21-month sentence, the Guidelines, the two incidents of abscondment, and the fact that Redmond was only originally located after being identified as the victim of gun violence, the court found that "[t]wo times is too many" and sentenced him to the statutory maximum sentence of 22 months. "These discussions demonstrate the court's consideration of the relevant statutory factors, and show that the sentence imposed was a carefully considered exercise of discretion." United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000) (per curiam).

Furthermore, in response to Redmond's claims that his sentence is generally excessive, the Eighth Circuit has upheld similar above-Guidelines sentences for violations of supervised release. See, e.g., United States v. Herbeck, 282 F. App'x.

490, 491-92 (8th Cir. 2008) (per curiam) (holding that defendant's 36-month, above-Guidelines but below-statutory-maximum sentence upon revocation of supervised release was not unreasonable where the district court had discussed both the Guidelines and other §3553(a) factors during sentencing); Larison, 432 F.3d at 924 (holding that, where the Guidelines recommended five to eleven months' imprisonment upon revocation of supervised release, a 60-month sentence was not unreasonable considering defendant's repeated violations and ongoing criminal conduct); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (holding that defendant's 46-month, above-Guidelines sentence upon revocation of supervised release was not unreasonable, even where the Guidelines recommended a sentence of only seven to thirteen months); Brown, 203 F.3d at 558 (holding that defendant's above-Guidelines but below-statutory-maximum sentence upon revocation of supervised release was not an abuse of discretion where the court discussed the relevant statutory factors, and emphasizing that the Guidelines are advisory in nature).

II. Conclusion

 We affirm the judgment of the district court.

_____