# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3801

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *    Appeal from the United States
      v.                           *    District Court for the
                                   *    District of Nebraska.
Marcell C. Bennett,                *
                                   *    [UNPUBLISHED]
            Appellant.             *

_____

Submitted: May 10, 2010
Filed: November 24, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Marcell Bennett's supervised release and sentenced him to thirty-six months' imprisonment with no further supervised release. The sentence exceeded the range of eight to fourteen months' imprisonment recommended by the policy statements of the United States Sentencing Guidelines. Bennett complains that the district court committed procedural error, and that the sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Court Judge for the District of Nebraska.

In June 2004, Bennett pleaded guilty to two offenses: conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). The district court sentenced him to a term of imprisonment and also imposed five years of supervised release. The original term of imprisonment was 151 months for the drug offense and sixty months for the firearms offense, to be served consecutively. In 2006, the court reduced the sentence on the drug charge to forty months and the sentence on the firearms charge to twenty months, based on Bennett's provision of substantial assistance. *See* Fed. R. Crim. P. 35(b). In 2008, the court reduced the sentence on the drug charge to thirty-two months due to a retroactive amendment to the sentencing guidelines concerning cocaine base. *See* 18 U.S.C. § 3582(c).

Bennett began his term of supervised release in March 2008. In December 2008, the probation office filed a petition alleging that Bennett had committed six violations of the conditions of his release. The petition was amended in August 2009 to allege three more violations. At a revocation hearing in November 2009, Bennett admitted two of the nine allegations. He conceded that he violated Nebraska law by attempting to obtain prescription medication with a forged document, and by attempting to shoplift clothing from a Wal-Mart store. He was convicted of two felonies in Nebraska, and the state court sentenced him to twelve months' imprisonment on each charge, to be served concurrently.

In the federal revocation proceeding, the recommended sentencing range under the policy statements contained in Chapter 7 of the Guidelines Manual was eight to fourteen months' imprisonment, and the statutory maximum prison sentence was sixty months. 18 U.S.C. § 3583(e)(3); USSG § 7B1.4. Bennett asked the district court to consider a sentence of no more than twenty-four months' imprisonment, while the government recommended thirty-six months. The court imposed a sentence of thirty-

six months' imprisonment, with no further supervised release, and specified that the sentence was to run consecutively to Bennett's state sentences.

On appeal, Bennett contends that the district court committed procedural error by failing to consider the relevant sentencing factors. He also argues that the court imposed a sentence that was excessive and unreasonable.

Bennett raised no procedural objections at sentencing, so we review only for plain error, and we find none. We are satisfied that the district court considered the relevant sentencing factors under 18 U.S.C. § 3553(a). At the revocation hearing, the district court discussed the nature of Bennett's state law offenses, and referred to the need to deter his extensive criminal conduct. *See id.* § 3553(a)(1)-(2); *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (noting that if the court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute") (internal quotation omitted). The district court was aware of Bennett's history and characteristics, having presided over his initial sentencing proceeding and two later proceedings at which the initial sentence was reduced. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005). The district court likewise knew about Bennett's substance abuse problems while on supervised release, and his mental health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(D). The court was familiar with the types of sentences available, and considered Bennett's state proceedings, the recommended sentencing range, and the statutory maximum. *See id.* § 3553(a)(4). A listing and discussion of each § 3553(a) factor is not required, particularly when the defendant does not object at sentencing to the adequacy of the court's explanation.

We also conclude, applying a deferential abuse-of-discretion standard, that the sentence is not unreasonable. The district court has wide latitude in choosing an appropriate sentence within the statutory range, *see United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc), and the seriousness of Bennett's repeated

violations reasonably justified a sentence higher than that recommended by the Sentencing Commission's policy statements. *See United States v. Larison*, 432 F.3d 921, 922-24 (8th Cir. 2006) (noting that "[w]e have long recognized the purely advisory nature of the Chapter 7 policy statements related to the revocation of supervised release," and affirming as reasonable a sixty-month prison sentence based on the defendant's repeated violations where the advisory range was five to eleven months); *United States v. Cotton*, 399 F.3d 913, 916-17 (8th Cir. 2005) (affirming a forty-six month sentence for repeated violations where the advisory range was seven to thirteen months). That Bennett's original sentence was the result of a downward departure gave the court additional justification for considering an upward variance. *See* USSG § 7B1.4, comment. (n.4); *Larison*, 432 F.3d at 923. And the court's decision to run the federal sentence consecutive to Bennett's state sentences was consistent with the policy statements issued by the Sentencing Commission. *See* USSG § 7B1.3(f); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

The judgment of the district court is affirmed.

_____