# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2126

_____

United States of America,

           Appellee,

    v.

Markquinn T. Jones,
also known as
MarkQuinn T. Johnson,

           Appellant,

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: January 9, 2012
Filed: January 18, 2012

_____

Before MELLOY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2003, MarkQuinn T. Jones pled guilty to knowingly and intentionally possessing with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and was sentenced to 48 months imprisonment with a five-year term of supervised release. Jones's supervised release was revoked three times. After revoking Jones's supervised release for the third time, the district

court[1] sentenced Jones to 24 months imprisonment with no term of supervised release. Jones appeals this post-revocation sentence. We affirm.

During Jones's third term of supervised release, the court received a report from Jones's probation officer indicating that Jones had violated a condition of his supervised release. Subsequently, the court ordered that the clerk of the court enter a warrant for Jones's arrest. Jones was arrested and a hearing was held on whether his supervised release should be revoked. The Government alleged that Jones had violated the special condition of his release that required him to successfully complete a term at a residential reentry center. The Government put on evidence indicating that Jones had violated many of the center's rules, and Jones admitted to most of the violations.

After the hearing, the court revoked Jones's supervised release for a third time based on his failure to successfully complete his term at the residential reentry center as required by the terms of his release. The Chapter Seven guidelines suggested a post-revocation sentencing range for Jones of 7 to 13 months. United States Sentencing Commission, Guidelines Manual, §7B1.4(a). Jones was sentenced to 24 months imprisonment with no supervised release. Jones appeals his sentence, arguing that it was unreasonable and inconsistent with the sentencing objectives of 18 U.S.C. § 3553.

"We review a district court's sentence on revocation of supervised release for procedural soundness and we review its substantive reasonableness under 'the same reasonableness standard that applies to initial sentencing proceedings.'" United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010) (quoting United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)).

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

Although Jones couches his appeal in terms of substantive unreasonableness, he also alleges that the court failed to properly consider the section 3553 sentencing factors, which would have been a procedural violation. United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). "Because [Jones] raised no objection to the adequacy of the district court's explanation or its consideration of the § 3553(a) factors at his revocation hearing, our review is for plain error." Benton, 627 F.3d at 1055. Under plain error review, "[w]e will reverse only if [the defendant] shows that the district court committed an error that was plain, that affected his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Garcia, 646 F.3d 1061, 1068-69 (8th Cir. 2011).

"[E]vidence that the district court was aware of the relevant § 3553(a) factors to be considered can be inferred from the record." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). The Government presented evidence relating to the section 3553(a) factors, particularly 3553(a)(1), which instructs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Jones's counsel also discussed the 3553(a) factors before Jones was sentenced. Specifically, Jones's counsel discussed 3553(a)(2)(D), which addresses the need for effective treatment, by suggesting alternative halfway houses where Jones might succeed. The court was aware of Jones's numerous and repeated violations of the conditions of his supervised release. Additionally, the record indicates that counsel informed the court of the maximum statutory sentence possible as well as of the Chapter 7 suggested sentence.

After listening to the arguments, the court found that Jones had demonstrated he was incapable of succeeding under a term of supervised release, and for that reason entered Jones's sentence. "Although the court could have made specific reference to other factors relevant under § 3553(a), we are satisfied that the court was aware of the statute and adequately considered it in determining the appropriate sentence." Benton,

627 F.3d at 1055. Thus, we find the district court did not commit plain procedural error in sentencing Jones.

Jones alleges that his sentence was substantively unreasonable because it violated the "parsimony principle" governing sentencing: that sentences must not be greater than necessary to satisfy the statutory goals of sentencing. Jones notes that the court's sentence was higher than the post-revocation sentence suggested under Chapter 7 of the United States Sentencing Guidelines.

We review the reasonableness of a sentence applying a deferential abuse-of-discretion standard; the district court has wide latitude in choosing an appropriate sentence. United States v. Kane, 639 F.3d 1121, 1135-36 (8th Cir. 2011); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir., 2009). Though Jones's sentence was longer that the post-revocation sentence suggested under Chapter 7, "[w]e have long recognized the purely advisory nature of the Chapter 7 policy statements." United States v. Larison, 432 F.3d 921, 922 (8th Cir. 2006). We have consistently found that a defendant's repeated violations of supervised release can justify a post-revocation sentence well above that suggested by the Chapter 7 policy statements. See, e.g., Larison, 432 F.3d at 922-24; United States v. Cotton, 399 F.3d 913, 916-17 (8th Cir. 2005). Considering Jones's failures with supervised release, it was not unreasonable for the court to give him a longer sentence with no supervised release. Nothing in the record indicates that the court abused its discretion in sentencing Jones to 24 months imprisonment with no supervised release.

We affirm Jones's sentence of 24 months imprisonment with no supervised release.

_____