# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2514
_____

United States of America

*Plaintiff - Appellee*

v.

Noel Perez-Plascencia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: March 23, 2014
Filed: June 9, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Noel Perez-Plascencia appeals the district court's[1] imposition of an 18-month sentence of incarceration following the revocation of his supervised release. We affirm.

Perez-Plascencia was originally convicted of possession of a firearm by an illegal alien. He received a sentence of 57 months imprisonment to be followed by 3 years of supervised release. After completion of his incarceration, Perez-Plascencia began serving his supervised release on September 28, 2012. Included in the terms of his supervised release was the requirement that Perez-Plascencia undergo drug testing and treatment. From November 16, 2012 through December 26, 2012, Perez-Plascencia failed to report for required drug testing 18 times. He tested positive for methamphetamine on December 11, 2012. During this time, he also failed to inform the probation office that he had been fired from his job.

The probation office filed a petition to revoke Perez-Plascencia's supervised release. A revocation hearing was set for January 3, 2013, but Perez-Plascencia failed to appear for the hearing, and the district court issued an arrest warrant. Perez-Plascencia surrendered to the probation office on June 11, 2013, and at that time, tested positive for marijuana and methamphetamine.

Perez-Plascencia admitted all of the alleged violations. The most serious violation was a Grade C violation which, along with Perez-Plascencia's Category III criminal history, resulted in a recommended sentence of 5 to 11 months. Perez-Plascencia requested that the court consider whether 18 U.S.C. § 3583(d) warranted an exception to the requirement that he serve imprisonment for his supervised release violations. Finding "no basis for an exception to the mandatory revocation" due to Perez-Plascencia's failure to "follow any directions in the community," the district

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

court imposed a sentence of 18 months imprisonment to be followed by 2 years of supervised release.

Perez-Plascencia appeals, arguing his sentence is unreasonable because the district court failed to consider the role his substance abuse played in his violating the terms of his supervised release. He claims the district court should have imposed inpatient residential treatment as an alternative to incarceration.

We review the reasonableness of a sentence imposed upon revocation of supervised release under the same "deferential abuse-of-discretion standard" that we use to review the reasonableness of an initial sentence. See United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). A sentence is unreasonable if the district court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing" the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)); see also 18 U.S.C. § 3583(e).

Under section 3583(g), a district court must revoke supervised release and impose a term of imprisonment for a defendant who violates the terms of his supervised release by "refus[ing] to comply with drug testing imposed as a condition of supervised release," illegally possessing a controlled substance, or testing positive for such substances more than three times in one year. See 18 U.S.C. § 3583(g). "[W]hen considering any action against a defendant who fails a drug test," section 3583(d) requires the court to consider "whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception" from the mandatory revocation and imprisonment directed by section 3583(g). See 18 U.S.C. § 3583(d).

Here, the record demonstrates that the district court acknowledged and exercised its discretion under sections 3553 and 3583(d). See United States v. Kaniss, 150 F.3d 967, 968-69 (8th Cir. 1998) (affirming revocation sentence where district court was aware that it could have required defendant to undergo substance abuse treatment instead of imposing a term of imprisonment). The court heard Perez-Plascencia's request for, and arguments in favor of, residential drug treatment as opposed to imprisonment. The court ruled out this option, noting Perez-Plascencia's history of drug abuse, repeated failures to abide by the conditions of his supervised release, difficulties in obeying prison rules, and his failure to appear for court when scheduled. There was no abuse of discretion simply because the district court gave less weight to Perez-Plascencia's drug abuse than he would have liked. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence.").

Furthermore, although Perez-Plascencia's sentence was longer than the post-revocation sentence suggested under Chapter 7, "[w]e have long recognized the purely advisory nature of the Chapter 7 policy statements." United States v. Larison, 432 F.3d 921, 922 (8th Cir. 2006). We have consistently found that a defendant's repeated violations of supervised release can justify a post-revocation sentence well above that suggested by the Chapter 7 policy statements. See, e.g., id. at 922-24; United States v. Cotton, 399 F.3d 913, 916-17 (8th Cir. 2005) (affirming a 46-month sentence for repeated violations where the advisory range was 7 to 13 months). Considering Perez-Plascencia's history of violating the terms of supervised release, it was not unreasonable for the court to impose a longer sentence than recommended by the Chapter 7 policy statements. Accordingly, the district court did not abuse its considerable discretion in imposing the 18-month sentence.

We affirm.

_____