# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2205

_____

United States of America

*Plaintiff - Appellee*

v.

Mykayla Marie Golden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 4, 2017
Filed: May 1, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mykayla Golden has had a turbulent history in the federal court system since being arrested on drug charges in 2010. Golden was released on bond after that arrest but was required to live in a halfway house. She absconded from the halfway house, however, and failed to appear in court. After she was found, and arrested a second

time, Golden admitted violating the conditions of her pretrial release, which was revoked.

Golden then pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C), and § 846. Though her Guidelines range was 70 to 80 months in prison, the district court[1] sentenced her to five years of probation on condition that she reside in a halfway house for six months. Golden violated halfway-house rules and stopped taking prescribed medications, leading to her expulsion from the halfway house. When she admitted that she had violated the conditions of her probation, the district court revoked it and sentenced her to five years in prison followed by five years of supervised release. Neither party appealed, and Golden served her prison term.

About six months after beginning her supervised-release term, Golden began testing positive for opiates, admitted using heroin, and agreed to enter a detox center. She was nowhere to be found when her probation officer visited the center five days later, and she could not be located for about a month. The district court revoked Golden's supervised release and sentenced her to five months in prison, which was within the applicable Guidelines range of 3 to 9 months, followed by another term of supervised release. A condition of Golden's supervised release was that she live in a halfway house for up to six months. Neither party appealed.

About a month after Golden began this most recent halfway-house stint, she refused to take a drug test. She absconded yet again the following day and was not found until eight days later after binging on drugs and spending four days in a hospital. Golden explained that, shortly before leaving the halfway house, she had felt suicidal and had cut herself. Her doctor increased her medications as a result, and

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Golden maintains that this increase caused her to abscond. The district court again revoked her supervised release and sentenced her to two years in prison, followed by more supervised release and yet another chance in a halfway house. Golden challenges this sentence on appeal.

We first consider Golden's procedural challenges to her sentence. Since she did not raise any procedural objections at sentencing, we review for plain error, which means that Golden must show that a plain error affected her substantial rights to prevail. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017).

Golden maintains that the district court failed to consider the Guidelines range of 3 to 9 months that was appropriate to her case. We disagree. Not only had the district court considered that range twice before when revoking Golden's probation or supervised release, but the Guidelines range was noted in the probation office's filed violation report and amended violation report. We can presume that the district court considered the range even though the district court did not explicitly mention it during the sentencing hearing. *See United States v. Perkins*, 526 F.3d 1107, 1110–11 (8th Cir. 2008).

Golden also contends that the district court gave insufficient reasons for the sentence imposed, but she has not shown a reasonable probability that the district court would have imposed a shorter sentence had it discussed its reasons in more detail. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 672 (8th Cir. 2016). Furthermore, we are satisfied after reviewing the sentencing transcript that the district court adequately explained its sentence when it recounted the ineffectiveness of Golden's previous sentences and highlighted her admitted desire for a more structured environment.

We also reject Golden's contention that the district court lengthened her sentence for treatment purposes, a point she raises, presumably, on the basis of *Tapia*

*v. United States*, 564 U.S. 319 (2011). That case holds that district courts may not impose or lengthen prison sentences to allow an offender to complete a treatment program or otherwise to promote rehabilitation. *See United States v. Holdsworth*, 830 F.3d 779, 784 (8th Cir. 2016). But Golden has not shown how any of the court's recommended treatments lengthened her sentence. In fact, it recommended that the treatments begin after Golden's release from prison.

Golden next challenges the substantive reasonableness of her sentence. We review sentences, even those outside the Guidelines range, for an abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "Substantive review is narrow and deferential; it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *U.S. v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014).

Golden asserts that the district court abused its discretion by giving too little weight to the cutting incident and the medication regimen that, she says, led her to violate her supervised-release conditions. But the parties addressed that incident and its attendant medication regimen at the sentencing hearing, so we are confident that the district court considered them. Just because the district court accorded the relevant considerations less weight than Golden would prefer does not mean the district court abused its discretion. *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011).

Golden also maintains that the district court's unreasonable frustration with her led it to impose a two-year sentence, but the record of the sentencing transcript shows otherwise. The district court tried to encourage Golden. It reassured her that she could still change and that she should not give up hope. It expressed concern for her well-being. We have said, moreover, that a defendant's repeated violations of supervised release can justify a post-revocation sentence well above the Guidelines range. *United States v. Noel Perez-Plascencia*, 559 F. App'x 608, 609–10 (8th Cir.

2014) (per curiam). We have upheld 23-month and 35-month revocation sentences where the Guidelines range was 4 to 10 months, a 60-month revocation sentence where the range was 5 to 11 months, and a 46-month revocation sentence where the range was 7 to 13 months. *See United States v. Kreitinger*, 576 F.3d 500, 504 (8th Cir. 2009) (collecting cases). Golden's sentence is not substantively unreasonable.

Affirmed.

_____