# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1456

_____

United States of America

*Plaintiff - Appellee*

v.

Dionysus Azeria Hale

*Defendant - Appellant*

_____

No. 20-1457

_____

United States of America

*Plaintiff - Appellee*

v.

Dionysus Azeria Hale

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Springfield

_____

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

After Dionysus Hale was found with a firearm, the district court[1] revoked supervised release and, following a guilty plea, convicted him of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). He received a within-Guidelines-range sentence of 24 months in prison for violating the conditions of supervised release and a concurrent, within-Guidelines-range sentence of 120 months for the felon-in-possession charge. One brief, filed by Hale's counsel, challenges these sentences. The other, a pro se supplemental brief, argues that trial counsel was ineffective.

As part of his plea agreement, Hale agreed to waive the right to appeal his 120-month felon-in-possession sentence except for, as relevant here, ineffective assistance of counsel. Reviewing the validity and applicability of the waiver de novo, *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009), we conclude that it is enforceable and that his challenges fall within it. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We also conclude that the 24-month revocation sentence, which is not covered by the appeal waiver, is substantively reasonable. *See United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (reviewing the reasonableness of a revocation sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

Two loose ends remain. The first is that we will not consider the ineffective-assistance-of-counsel claims here. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that ineffective-assistance-of-counsel claims "are usually best litigated in collateral proceedings"). The second is that, for the appeal in the felon-in-possession case, we have independently reviewed the record and discovered no non-frivolous issues for appeal that are outside the scope of the appeal waiver. *See Penson v. Ohio*, 488 U.S. 75 (1988). Accordingly, we affirm the sentence in No. 20-1456, dismiss the appeal in No. 20-1457, and grant counsel permission to withdraw.

_____