# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2425
_____

United States of America

*Plaintiff - Appellee*

v.

Romario Scott Eliacin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 10, 2022
Filed: February 16, 2022
[Unpublished]
_____

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Romario Eliacin received a 120-month prison sentence after he pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). In an *Anders* brief, Eliacin's counsel challenges a vulnerable-victim enhancement, *see* U.S.S.G. § 3A1.1(b)(1); *see also Anders v. California*, 386 U.S. 738 (1967), and a pro-se supplemental brief separately raises a host of other issues.

We conclude that there was an adequate factual basis for the district court[1] to give Eliacin a two-level vulnerable-victim enhancement based on the victim's age and the circumstances surrounding the crime. *See United States v. Johnson*, 860 F.3d 1133, 1146–47 (8th Cir. 2017). We also conclude that the overall sentence was substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence under "a deferential abuse-of-discretion standard" (quotation marks omitted)); *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (stating that a within-Guidelines-range sentence is presumptively reasonable). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

Eliacin's remaining pro-se claims fare no better. The district court had good reason to deny an acceptance-of-responsibility reduction, *United States v. Gaye*, 902 F.3d 780, 789 (8th Cir. 2018); the supervised-release conditions it imposed were not an abuse of discretion, *see United States v. Godfrey*, 863 F.3d 1088, 1101 (8th Cir. 2017); and there is no evidence of judicial bias, *see Bannister v. Delo*, 100 F.3d 610, 614 (8th Cir. 1996).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

———————————————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.