# United States Court of Appeals
## For the Eighth Circuit

—————————————

No. 21-2696

—————————————

United States of America

*Plaintiff - Appellee*

v.

Hassell E. Myers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: March 18, 2022
Filed: May 24, 2022
[Unpublished]

——————————

Before GRASZ, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

After Hassell Myers pleaded guilty to failing to register as a sex offender, the district court[1] sentenced him to 24 months in prison and 20 years of supervised

———————————————

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

release. *See* 18 U.S.C. § 2250. Although he argues that the supervised-release term is too long, we affirm.

Despite varying upward, the district court neither procedurally erred nor abused its discretion. *See United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, *above*, or below the applicable Guidelines range—as substantively unreasonable." (emphasis added) (citation omitted)); *United States v. James*, 792 F.3d 962, 967 (8th Cir. 2015) (explaining that "[t]he term of supervised release is a part of" the sentence). The record establishes that it carefully considered the statutory sentencing factors, *see* 18 U.S.C. § 3583(c), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Just because Myers would have weighed certain factors differently does not mean the court abused its discretion or otherwise erred. *See James*, 792 F.3d at 968–69.

We accordingly affirm the judgment of the district court.

_____