# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2691
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Gene Haney, also known as Michael McClure Herman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: January 4, 2023
Filed: January 17, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Michael Haney appeals after the district court[1] revoked his supervised release and imposed a term of imprisonment, with no additional supervised release to follow.

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Haney's counsel has moved to withdraw and filed a brief arguing the district court erred by revoking supervised release and by imposing a substantively unreasonable sentence.

We conclude that the district court did not err by revoking supervised release and sufficiently considered the treatment alternative in 18 U.S.C. § 3583(d), assuming without deciding that it was required to do so.  See United States v. Hole, 774 Fed. Appx. 1007, 1008-09 (8th Cir. 2019) (per curiam); United States v. Kaniss, 150 F.3d 967, 969 (8th Cir. 1998).  We also conclude that Haney's sentence is not substantively unreasonable.  See United States v. Miller, 557 F.3d 910, 915-16, 917 (8th Cir. 2009) (revocation sentence is reviewed under same deferential abuse-of-discretion standard applicable to initial sentencing decisions).  The sentence is within the statutory limits, see 18 U.S.C. § 3583(e)(3), and is presumptively reasonable because it is within the applicable advisory range under the sentencing guidelines, see U.S.S.G. § 7B1.4(a); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). The district court sufficiently considered the relevant statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors.  See 18 U.S.C. § 3583(e); Miller, 557 F.3d at 917.  Haney's disagreement with how the court weighed those factors is insufficient to show an abuse of discretion on this record. See United States v. Wilkins, 909 F.3d 915, 918 (8th Cir. 2018); United States v. Perez-Plascencia, 559 Fed. Appx. 608, 609 (8th Cir. 2014) (per curiam).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____