# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3263

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Lee Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 31, 2023
Filed: February 6, 2023
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Anthony Sims appeals after the district court[1] revoked his supervised release
and sentenced him to 14 months in prison. His counsel has moved to withdraw, and

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in finding that the violations occurred, and that the sentence is unreasonable.

Upon careful review, we conclude that the district court did not clearly err in finding by a preponderance of the evidence that Sims violated the conditions of his supervised release. <u>See</u> 18 U.S.C. § 3583(e)(3) (court may revoke supervised release on finding by preponderance of evidence that defendant violated release condition); <u>United States v. Carothers</u>, 337 F.3d 1017, 1019 (8th Cir. 2003) (district court's decision to revoke supervised release based on its finding of violation is reviewed for abuse of discretion, and finding that violation occurred is reviewed for clear error; credibility determinations at revocation hearing are virtually unreviewable on appeal).

We also conclude that Sims's sentence was not unreasonable, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. <u>See</u> <u>United States v. Larison</u>, 432 F.3d 921, 922-23 (8th Cir. 2006); <u>see also</u> <u>United States v. Callaway</u>, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines sentence may be presumed reasonable). The revocation sentence and term of supervised release are within the statutory maximum, <u>see</u> 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 5 years if underlying offense is Class A felony); 21 U.S.C. § 841(b)(1)(A) (maximum supervised release term is life); and the district court noted that it had considered the 18 U.S.C. § 3553(a) factors, <u>see</u> <u>United States v. White Face</u>, 383 F.3d 733, 740 (8th Cir. 2004).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____