# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-3425

———————————————

United States of America

*Plaintiff - Appellee*

v.

Dwayne Vadim Scott

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: March 31, 2025
Filed: April 3, 2025
[Unpublished]

——————————

Before SMITH, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Dwayne Scott appeals after the district court[1] revoked his supervised release and sentenced him to 12 months and 1 day in prison and 18 months of supervised

———————————

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

release. His counsel has moved for leave to withdraw and has filed a brief challenging the substantive reasonableness of the sentence.

After careful review, we conclude that the district court did not abuse its discretion, as there is no indication that it failed to consider a relevant 18 U.S.C. § 3353(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors, and the revocation sentence is within the statutory maximum. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) (standard of review); United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (reciting factors to discern whether revocation sentence is unreasonable); see also 18 U.S.C. § 3583(b)(2) (maximum term of supervised release is 3 years for Class D felony), (e)(3) (maximum revocation prison term is 2 years if underlying offense is Class D felony), (h) (length of supervised release term upon revocation shall not exceed statutorily authorized term of supervised release for offense of conviction, less any revocation prison terms).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment.

_____