# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 25-2464

———————————————

United States of America

*Plaintiff - Appellee*

v.

LaQuan Dwayne Carter, also known as Quan, also known as Q-Ball

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: March 12, 2026
Filed: March 13, 2026
[Unpublished]

——————————

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

LaQuan Carter appeals after the district court[1] found that he committed three violations of the conditions of his supervised release, revoked supervision, and

———————————————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

sentenced him to 12 months in prison. He argues that the district court erred in finding he violated his terms of supervision, and the revocation sentence was substantively unreasonable.

We conclude the district court did not clearly err in finding the government established the violations by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3); United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015) (district court may revoke supervised release if government proves by a preponderance of the evidence that defendant violated condition; decision to revoke supervised release is reviewed for abuse of discretion, and subsidiary factfinding as to whether violation occurred is reviewed for clear error); see also United States v. Smith, 576 F.3d 513, 516 (8th Cir. 2009) (assessing witness credibility is a duty for the district court, and the assessment is "virtually unreviewable on appeal").

We also conclude the court did not impose a substantively unreasonable sentence, as the court considered the relevant factors listed in 18 U.S.C. § 3553(a), and did not err in weighing the factors. See United States v. Larison, 432 F.3d 921, 922–24 (8th Cir. 2006) (revocation sentence may be unreasonable if district court fails to consider relevant § 3553(a) factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment; upholding upward variance from revocation Guidelines range to statutory maximum revocation sentence).

Accordingly, we affirm the judgment of the district court.

_____