# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2935

_____

United States of America

*Plaintiff - Appellee*

v.

Jeff Beran

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: March 10, 2014
Filed: May 12, 2014

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jeff Beran appeals from a 48-month prison sentence the district court[1] imposed after the second revocation of his supervised release. Specifically, Beran claims that the district court failed to consider all the sentencing factors set forth in 18 U.S.C.

_____

[1]The Honorable Judge Richard G. Kopf, United States District Judge for the District of Nebraska.

§ 3553(a) and that the sentence imposed was substantively unreasonable. For the reasons discussed below, we affirm the sentence imposed by the district court.

Beran pled guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Beran to 235 months, followed by five years of supervised release. Upon a Rule 35(b) request, the district court reduced Beran's sentence to 66 months, with the same term of supervised release. During his supervised release, Beran admitted to committing the crimes of public intoxication and third degree domestic assault on his ex-girlfriend in violation of a mandatory condition of his supervised release not to commit another federal, state, or local crime. The district court found Beran guilty of violating the conditions of his supervised release and sentenced him to one day of imprisonment, for which he was given credit as time served, plus 54 months of supervised release.

After the first revocation of supervised release, Beran underwent treatment for alcohol abuse and domestic violence. His probation officer instructed him to not have contact with his ex-girlfriend due to their significant relationship problems. Despite receiving this instruction, Beran made phone calls and sent text messages to his ex-girlfriend, ultimately frightening her and causing her to initiate a protection order proceeding. The probation officer filed a petition seeking revocation of Beran's supervised release for violating a condition requiring him to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." The probation officer recommended Beran serve 48 months in prison.

During the revocation hearing, Beran admitted to the violation. The applicable guideline range was 8 to 14 months imprisonment; however, the district court, after considering various factors, sentenced Beran to 48 months imprisonment with no supervised release. No objections were made asserting any procedural error as to the sentence imposed. Beran now appeals his sentence.

Because Beran failed to object to the adequacy of the district court's explanation or consideration of the 18 U.S.C. § 3553(a) factors, his objection on appeal is reviewed for plain error. United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010). Beran claims the district court committed error when it failed to consider section 3553(a)(6), which requires the court to consider the need to avoid unwarranted sentence disparities when fashioning a sentence. It is well settled that "we do not require a district court to categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006). Further, "we presume that 'district judges know the law and understand their obligation to consider all of the § 3553(a) factors.'" United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008) (quoting United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).

Here, because the court reviewed Beran's evidence regarding alleged similar supervised release violations for other offenders, we are satisfied that the district court considered the need to avoid unwarranted sentence disparities. The court also adequately explained its reasoning for imposing the sentence, acknowledging the factors listed in section 3553(a), noting the significant sentence reduction made during the earlier Rule 35(b) hearing, considering Beran's prior revocation based on his violation of supervised release which demonstrated a pattern of behavior, and finally noting that such violations occurred despite the best efforts of Beran's probation officer to correct Beran's behavior. Thus, upon careful review of the record, we conclude that the district court did not commit plain error because the court adequately considered the factors under section 3553(a) and provided a sufficient explanation for the sentence imposed.

Beran argues next that his sentence of 48 months imprisonment is substantively unreasonable. We review the substantive reasonableness of a revocation sentence

under the abuse-of-discretion standard.  United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009).  "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors."  United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (internal quotation marks omitted).

Specifically, Beran claims that given his progress during his supervised release, the nature of his violation, and his history and characteristics, the sentence imposed was too harsh and the court did not provide sufficient grounds for the significant upward departure, as the sentence was more than three times the high end of the guideline range of 8 to 14 months.  Having presided over Beran's initial sentencing, his Rule 35(b) proceeding, and his first revocation hearing, the district court was well aware of Beran's history and characteristics, and, in its thorough explanation, the court noted the significant sentence reduction previously afforded to Beran, the significant amount of resources invested in improving Beran's behavior, Beran's repeated violations of his supervised release, and the fact that the situations Beran found himself in were fraught with danger.  See United States v. Larison, 432 F.3d 921, 922-23 (8th Cir. 2006) (upholding the district court's imposition of a 60-month revocation sentence as reasonable although the applicable sentencing guideline range was 5 to 11 months, emphasizing the district court's consideration of the initial sentence reduction afforded to the defendant, the amount of resources invested in the defendant's correction, and the repeated violations of the terms of the supervised release); United States v. Cotton, 399 F.3d 913, 916-17 (8th Cir. 2005) (upholding the district court's imposition of a 46-month revocation sentence, despite the 7 to 13 month sentencing guideline range, when the district court considered the previous reduction afforded to the defendant, the repeated violations of supervised release, and the nature of the violations putting the defendant in risk of serious criminal conduct).  These considerations adequately support the reasonableness of the sentence imposed.

Finally, we reject Beran's argument that his sentence is unreasonable when compared to other sentences of similarly situated offenders. Beran is not entitled to any particular sentence and the sentence imposed is within the statutory limit. See 18 U.S.C. § 3583(e)(3); see Larison, 432 F.3d at 924. Moreover, we do not find the 48-month sentence imposed was so disproportionate to those cases cited by Beran as to amount to an unreasonable sentence. See Larison, 432 F.3d at 924.

Accordingly, we affirm the judgment of the district court.

_____