**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4643**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JENNIFER LYNN THOMAS THOMPSON, a/k/a Jennifer Turley Tumblin,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:06-cr-00029-GEC-11)

Submitted: January 30, 2018        Decided:  February 16, 2018

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Rick Mountcastle, Acting United States Attorney, Ronald M. Huber, Assistant United States Attorney, Connor J. Kelley, Third Year Intern, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Lynn Thomas Thompson appeals from her eight-month sentence imposed pursuant to the revocation of her supervised release. On appeal, Thompson asserts that the district court committed reversible procedural and substantive error by basing Thompson's sentence on the Government's time and effort expended in supervising Thompson and on Thompson's need for rehabilitation. We affirm.

Thompson first avers that the expenditure of Government resources is not a statutory factor listed for consideration. Further, she contends that consideration of such a factor would potentially improperly punish those with longer terms of supervised release or those to whom the probation officer decided to give second or third chances.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations utilized in our evaluation of original criminal sentences. *Id.* at 438. Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *United States v. Moulden,* 478 F.3d 652, 657 (4th Cir. 2007).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in revocation proceedings. *Crudup*, 461 F.3d at 439. In fashioning an appropriate sentence, "the court

2

should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Guidelines Manual ch. 7, pt. A(3)(b) (2016). According to 18 U.S.C. § 3583(e) (2012) (governing supervised release revocation), the court also must consider some of the factors enumerated under 18 U.S.C. § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439.

Thompson sufficiently preserved this challenge to the court's explanation for her sentence "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). Thus, any error by the district court must result in a vacatur unless the error is harmless. *Id.* at 581. For a procedural sentencing error to be harmless, the Government must prove that the error did not have a "'substantial and injurious effect or influence' on the result." *Id.* at 585 (quoting *United States v. Curbelo*, 343 F.3d 273, 278 (4th Cir. 2003)).

Having presided over Thompson's initial sentencing, her Fed. R. Crim. P. 35(b) proceeding, and her first revocation hearing, the district court was well aware of Thompson's history and characteristics, and, in its thorough explanation, the court noted its previous leniency and the details of Thompson's repeated violations of her supervised release, as well as the unusual expenditure of time and energy by the probation officer. Contrary to Thompson's argument, we conclude that the Government's expenditure of resources is a proper factor for consideration. *See United States v. Beran*, 751 F.3d 872,

3

875 (8th Cir. 2014); *see also United States v. Larison,* 432 F.3d 921, 923 (8th Cir. 2006) (holding that the amount of resources invested by the Government was appropriately factored into defendant's inability to conform his conduct to the law after being offered many opportunities to obtain treatment while on supervised release). As we have recognized, "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." *Webb*, 738 F.3d at 641. For example, the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Id.* at 641-42 (collecting cases recognizing this enmeshment of the disfavored and the authorized factors).

While the district court appeared to rely heavily on this disputed factor, the expenditure of the Government's time is inextricably intertwined with Thompson's continued breaches of trust on supervision. That is, the Government's decision to give further chances to Thompson would not have resulted in the expenditure of extra Governmental resources if Thompson had not failed to update her address and employment, had submitted the proper paperwork, had clean drug tests, and had attended scheduled treatment. Thus, it appears from the record that Thompson's blatant, admitted, and consistent refusal to abide by the terms of her supervised release—despite being given numerous chances to correct her behavior—was the factor that drove the court to impose the chosen sentence. Thus, we find no error on this basis.

Next, Thompson asserts that the district court substantively and procedurally erred in sentencing her based upon the time required for her to "dry out" and turn her life around.

4

Because Thompson did not object to her sentence on this basis, her challenge is reviewed for plain error only. *United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015) (reviewing similar claim for plain error because the "issue was not raised at the revocation hearing").

In *Tapia v. United States*, 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) (2012) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." 564 U.S. at 332. Thus, the Court ruled that the district court erred in imposing a longer sentence than it would otherwise have imposed for the purpose of ensuring the defendant's eligibility for a drug treatment program while incarcerated. *Id.* at 321, 333-35; *see also United States v. Bennett*, 698 F.3d 194, 198-66 (4th Cir. 2012) (holding that *Tapia* applies to resentencing on the revocation of a defendant's term of supervised release and noting that district courts remain empowered to make treatment recommendations, as long as such recommendations are not the driving force in determining the length of the sentence).

While, *after* imposing sentence, the district court expressed its hope that the length of the sentence would allow Thompson to kick her drug habit, the district court clearly imposed the chosen sentence on the basis of Thompson's continued violations of the conditions of supervised release. In fact, the court explicitly stated that rehabilitation had no part in its sentencing decision. Moreover, the court did not state, or even imply, that the sentence was chosen in order to provide an appropriate amount of time for treatment.

Instead, the court's statements show that the district court imposed the 8-month sentence in light of Thompson's history and characteristics, the nature and circumstances of her violative conduct, and the need for the sentence to sanction her breaches of trust

5

while on release. Encouraging Thompson to receive treatment for her condition does not establish that promotion of a treatment goal was causally related to the imposition or length of the prison term. Moreover, any ambiguity in the district court's statements regarding treatment does not amount to "clear" or "obvious" error under *Tapia*. *See Lemon*, 777 F.3d at 175. Because it is not "clear" or "obvious" from the record that the district court imposed the 8-month sentence to promote treatment of Thompson's drug addiction, there is no plain error under *Tapia*. *See id.* at 174 (marshalling sister circuit authority and observing that it is "unlikely that a court has committed *Tapia* error unless it has considered rehabilitation for the specific purpose of imposing or lengthening a prison sentence").

Accordingly, we affirm Thompson's sentence. We deny Thompson's motion to expedite the decision as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6