# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2431
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Debarge Devers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: April 15, 2020
Filed: July 10, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

Jason Devers admitted to violating a condition of his supervised release following his Nebraska conviction for first-degree murder and illegal use of a firearm.

The district court[1] sentenced him to 24 months' imprisonment. Devers appeals, arguing that his revocation sentence is substantively unreasonable because he is already serving a life sentence plus five years in Nebraska and his federal sentence will reduce his opportunities to participate in prison programming. We affirm.

In December 2016, Devers began a term of supervised release following his conviction for being a felon in possession of a firearm. Less than a year later, the Probation Office alleged that Devers violated the terms of his supervised release three times. Before the district court was able to resolve those allegations, Devers was arrested in Nebraska and charged with first-degree murder, illegal use of a weapon to commit a felony, and possession of a firearm by a prohibited person. Ultimately, a Nebraska court convicted him of first-degree murder and illegal use of a weapon. He was sentenced to life in prison for murder plus an additional five years for use of the weapon.

Following his state sentencing, the Probation Office added allegations that Devers committed additional supervised release violations. At his revocation hearing, Devers admitted that he had been convicted of the Nebraska charges. Because he committed a state crime, the court found that he violated his supervised release terms. Although the Guidelines recommended a term of imprisonment between 33 and 41 months, the statutory maximum was 24 months. The district court imposed a 24 month sentence to run consecutively to Devers's life sentence, and concurrently with his five year sentence.

We review a revocation sentence for an abuse of discretion. United States v. Beran, 751 F.3d 872, 875 (8th Cir. 2014). A district court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (citation omitted).

Devers argues that his federal sentence serves no purpose in light of his state sentences. At sentencing, Devers asked the court to forgo any additional punishment because a federal sentence would prevent Devers from qualifying for programming in the state prison system. The district court acknowledged that a federal sentence would have that effect, but after considering Devers's lack of mitigating factors and his repeated supervised release violations, concluded that a federal sentence in addition to his state sentences was appropriate.

Devers also suggests that the district court did not give enough weight to the "sentencing disparity" it was creating between him and a defendant whose violation petition was dismissed by the Government when that defendant was convicted of first-degree murder and sentenced to life imprisonment. The district court was free to give more or less weight to this factor than Devers would like, United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011), and we do not think this is the sort of "unwarranted sentencing disparit[y]" that concerned Congress when it drafted § 3553(a). The Government's exercise of prosecutorial discretion has no bearing on the sentence the district court imposed. Cf. United States v. Buckendahl, 251 F.3d 753, 761 (8th Cir. 2001) ("[A]ny disparities arising from appropriate prosecutorial practices (or sentences resulting from those practices) are justified under the Guidelines."); see also United States v. Dixon, 511 Fed. App'x 592, 593 (8th Cir. 2013) (per curiam) (same).

Devers's revocation sentence is affirmed.

_____