# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1585
_____

United States of America

*Plaintiff - Appellee*

v.

Caleb Lee Olson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: February 15, 2021
Filed: March 5, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.
_____

PER CURIAM.

After pleading guilty to conspiring to distribute fifty or more grams of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Caleb Olson was sentenced to 151 months in prison and five years of supervised release. Olson completed his prison term, but he has repeatedly been unable to abide by the

conditions of his supervised release, leading to multiple release revocations and additional prison terms. In the most recent revocation proceedings, which are the subject of this appeal, the district court[1] sentenced him to 36 months in prison. He maintains that this sentence is substantively unreasonable, but we disagree and affirm.

The record shows that Olson's supervised-release difficulties began when he admitted using drugs a mere two months after completing his initial prison term. As a result, the district court[2] modified his release conditions to require, among other things, that Olson reside for a time at a residential reentry center. A few months after fulfilling that obligation, the district court found that Olson had again violated the conditions of his release, by, among other things, using controlled substances, failing to report to the probation office, and associating with people engaged in criminal activity. The court revoked Olson's supervised release and sentenced him to eight months in prison and four years of supervised release.

About five months into this second term of supervised release, the probation office petitioned to revoke Olson's supervised release again, alleging that he had failed to participate in substance-abuse testing and failed to report to the probation office, among other things. The court issued a warrant for Olson's arrest, and a few months later he was apprehended in Colorado. The court found a host of release-condition violations, revoked Olson's release, and sentenced him to a year in prison and two years of supervised release. A condition of that release was that Olson would again reside at a residential reentry center for a time.

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, presided over Olson's proceedings until the most recent revocation of supervised release.

That brings us finally to the case at hand. A little over a month after Olson got out of prison and began living at a residential reentry center, he left the center and did not return as required. He was found the next month in Colorado where he had been arrested for possessing methamphetamine. He received a six-month jail sentence in Colorado for that offense, but he was released after about four months. Olson's disappearance from the center resulted in yet another revocation of supervised release, his third, as well as a conviction on a federal escape charge. *See* 18 U.S.C. § 751.

The Sentencing Guidelines applicable to Olson's circumstances provided for a sentencing range of 21 to 27 months in prison. After examining the relevant sentencing considerations, including Olson's extensive criminal history and poor record on supervision, the district court varied upward and imposed a prison sentence of 36 months. The court explained that the variance was appropriate because Olson had "violated this Court's trust multiple times" and had "no respect for the law" or the courts.

Olson maintains that this sentence is substantively unreasonable, a matter we review for an abuse of discretion. *See United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). Olson points out that his revocation sentence is not only above the Guidelines range, but also represents "just the tip of the punishment iceberg" because he had already served time (4 months) in a Colorado jail for possessing methamphetamine and would later serve additional federal time (27 months) for his escape conviction. He argues that, since the sum of these sentences exceeds the maximum revocation sentence the law permits, his revocation sentence is unreasonable.

We are not persuaded. Olson's sentences for drug possession and escape can have no bearing on the reasonableness of his revocation sentence, because they are separate and distinct from it. While the offenses he committed on supervised release were relevant for fixing his revocation sentence, his sentences for those offenses were not. We hold that his revocation sentence is reasonable. Though it varied above the Guidelines range, the district court imposed a revocation sentence below the statutory maximum and offered many sound reasons to justify an upward variance. We routinely uphold variances in revocation sentences much larger than the one here. *See, e.g.*, *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014); *see also United States v. Obie*, 799 F. App'x 438, 440 (8th Cir. 2020) (unpublished per curiam). We see no abuse of discretion.

Affirmed.

_____