# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2228

———————————————

United States of America

*Plaintiff - Appellee*

v.

Adam Robert Chartier

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: November 13, 2023
Filed: December 27, 2023
[Unpublished]

——————————

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

——————————

PER CURIAM.

In 2013, Adam Robert Chartier pled guilty to possession of pseudoephedrine to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). The district court sentenced him to 113 months in prison and three years of supervised release. In 2020, he violated his first term of release. The district court sentenced him to 24 months in prison and one year of supervised release. In 2023, he violated his second

term of release. The district court[1] sentenced him to 18 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Chartier asserts his above-guidelines revocation sentence of 18 months (guidelines range 8 to 14 months) is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The district court properly considered the 18 U.S.C. § 3553(a) factors, including Chartier's repeated violations of his conditions of supervision and his criminal history (two federal drug convictions, burglary, assault, and operating a vehicle while intoxicated). Chartier believes the court failed to consider his substance abuse issues. But the court specifically discussed them, noting he "had all kinds of opportunities for drug treatment and has continued to use." *See United States v. Merrival*, 521 F.3d 889, 890-91 (8th Cir. 2008) (affirming an above-guidelines revocation sentence where drug rehabilitation was ineffective). He also argues the court improperly faulted him for contesting certain violations. This is inaccurate. Rather, the court considered his lies in contesting the violations. This is not improper. *See United States v. Crane*, 2022 WL 13705211, at *2 (8th Cir. Oct. 24, 2022) (unpublished) (affirming an above-guidelines revocation sentence and noting the court was "permitted to consider" defendant's perjury). The court did not abuse its discretion. *See United States v. Growden*, 663 F.3d 982, 984-85 (8th Cir. 2011) (affirming an above-guidelines sentence based on repeated violations on release and refusal to take responsibility for crimes).

---

[1]The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____